IN THE UNITED STATES DISTRICT COURT
EASTERN DIVISION OF ARKANSAS
CENTRAL DIVISION

**RALPH BYRD SCREETON**                                                                 **PLAINTIFF**

V.                                          No. 4:24-CV-00002-BRW

**LINDSEY MANAGEMENT CO., ET AL.**                                          **DEFENDANTS**

**ORDER**

Because Plaintiff does not have the funds to pay a filing fee, his Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) is GRANTED. However, for the reasons set out below, Plaintiff's case is DISMISSED.

A district court has the authority to dismiss a case *sua sponte* for failure to state a claim.[1]

Plaintiff filed a § 1983 complaint against Defendants seeking $18,000,000 in damages. Defendants, who own and manage an apartment complex where he lived, are not state actors. To state a claim for relief under section 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or statutory right.[2] Merely private conduct is not within the reach of section 1983.[3] For private conduct to fall under section 1983, "a private actor must be a 'willful participant in joint activity with the State' in denying plaintiff's constitutional rights."[4] "A plaintiff 'must allege, at the very least, that there was a

---

[1] See *Smith v. Boyd*, 945 F.2d 1041 (8th Cir. 1991)

[2] *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

[3] *Id*. at 50.

[4] *Magee v. Trustees of Hamline University, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (quoting *Dossett v. First Bank*, 399 F.3d 940, 947 (8th Cir. 2005)).

1

mutual understanding, or a meeting of the minds, between the private party and state actor.'"[5] Plaintiff's complaint does not allege that Defendants are state actors.

Plaintiff also alleges Fair Housing Act ("FHA") violations.  A few examples: he contends that someone asked for a credit report; one of Defendants' employees said the "'gays' are back to turn in their application"; Defendants did not make repairs that Plaintiff requested or respond to his complaints about other residents; and Plaintiff was playing "Jewish music" (his description, not Defendants') too loud in the workout room.[6]  As to the alleged comment about "the gays," "[d]irect evidence [of disparate treatment under the FHA] does not include stray remarks in the workplace, statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself."[7] Additionally, none of the other allegations support a claim for FHA violations.  Rather, Plaintiff simply does not appear to get along with his former landlord.

IT IS SO ORDERED this 10th day of January, 2024.

Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE

---

[5] *Pendleton v. St. Louis County*, 178 F.3d 1007, 1011 (8th Cir. 1999) (internal citation omitted).

[6] Doc. No. 2.

[7] *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010).